Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, | ) |
| Plaintiff, | ) Case No. 2:14-CV-00841-RSL |
| | ) CONSENT DECREE |
| v. | ) |
| CENVEO CORPORATION, | ) |
| Defendant. | ) |

WHEREAS, Plaintiff WASTE ACTION PROJECT filed an Amended Complaint against Defendant CENVEO CORPORATION alleging violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, relating to discharges of stormwater from the Defendant's operational portion of a larger facility, said portion that is operated by Defendant referred to herein as "Facility," and located in Kent, Washington, seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs;

WHEREAS, Defendant denies Plaintiff's claims and any liability for the alleged violations;

WHEREAS, counsel and representatives for the parties to this action have engaged in discussions relating to the potential settlement of this litigation, which discussions have included

CONSENT DECREE - 1
No. 2:14-CV-00841-RSL

an assessment of the facts surrounding the alleged violations;

WHEREAS, Defendant has undertaken and is implementing measures to further ensure compliance with the Clean Water Act at the Facility that is the subject of this lawsuit and addressing other issues raised in the notice of intent to sue served by Plaintiff;

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving this action; and

WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or final adjudication of the issues of fact or law with respect to Plaintiffs claims or allegations, consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them;

NOW, THEREFORE, without trial of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Amended Complaint, and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. The undersigned representative for each party certifies that he or she is fully authorized by the party or parties whom he or she represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties, their successors in interest and assigns of the parties to it.

3. This Consent Decree shall apply to, and be binding upon, the parties, and upon the successors and assigns of the parties.

4. This Consent Decree shall apply to Defendant's operation and/or oversight of its

CONSENT DECREE - 2
No. 2:14-CV-00841-RSL

Facility that is a portion of a larger facility located at or about 6520 South 190th Street, Building 48, Kent, Washington. The Facility discharges stormwater to the Green River via the City of Kent's stormwater collection and transport system. As used herein, the reference to Facility shall mean and be limited solely to that portion of the structure and surrounding property impacted by Defendant's operations at the Facility, as measured by the sampling compliance point described in its National Pollutant Discharge Elimination System Permit No. WAR009288 and any successor, modified, or replacement permit (collectively, the "NPDES permit") and associated Stormwater Pollution Protection Plan ("SWPPP") and any successor, modified, or replacement SWPPP.

5. This Consent Decree constitutes a full and complete settlement of the claims alleged in the Amended Complaint and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the Facility identified in paragraph 4 of this Consent Decree.

6. This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Amended Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Amended Complaint, or the admission or evidence of any wrongdoing or misconduct on the part of the Defendant, its successor or assigns.

7. In full and complete satisfaction of the claims covered by the Amended Complaint and all other claims covered by this Consent Decree, as described in Paragraph 5, Defendant agrees to abide by and be subject to the following terms and conditions:

    a    Defendant shall comply with all conditions of its NPDES permit;

b.      Defendant shall, for a period of two (2) years beginning on the date that this Consent Decree is entered by the Court, forward copies to Plaintiff of all material written or electronic communications between Defendant and the Washington Department of Ecology ("Ecology") related to the NPDES permit, the Clean Water Act, and stormwater discharges from the Facility, including but not limited to, as appropriate, Discharge Monitoring Reports, Level One, Two, or Three Corrective Action reports or similar adaptive management reports, correspondence, and inspection reports. During this same period Defendant shall additionally forward copies to Plaintiff of all inspection reports and/or checklists of all visual monitoring conducted at the Facility pursuant to the terms and conditions of the NPDES permit. All copies shall be forwarded to Plaintiff on a quarterly basis and not later than the forty-fifth (45th) day following the end of each calendar quarter;

c.      Within sixty (60) days of entry of this Consent Decree, Defendant shall remove all materials and equipment, which Defendant utilizes in its operations, containing galvanized material on the facility roof, from stormwater exposure. Defendant will determine the method of removing such galvanized material from stormwater exposure, which may include but is not limited to replacing galvanized equipment or components, or coating or painting the galvanized material to prevent contact with stormwater. Defendant will implement all necessary best management practices during this work, including but not limited to using vacuum sanders if sanding is required, to minimize the risk of pollutants contaminating stormwater and/or surface waters.

d.      Defendant will maintain the oil mist separators recently installed on the Facility's vacuum equipment to eliminate the potential for any oil-laden condensate to collect

CONSENT DECREE - 4
No. 2:14-CV-00841-RSL

within the vacuum equipment discharge vent or drip to the pavement below. Defendant will ensure that no oil-laden condensate from the vacuum equipment enters the stormwater system.

e. Within sixty (60) days of entry of this Consent Decree, Defendant shall relocate the used oil tote at the north end of the Facility to an area inside the building where it will not be exposed to precipitation events.

f. Defendant shall retain a qualified stormwater consultant to assist Defendant to investigate sources of stormwater contamination at the Facility and identify additional best management practices, if any are needed after implementation of the actions described immediately above, for implementation at the Facility which are reasonably expected to meet NPDES benchmarks upon implementation. Defendant has delivered to Plaintiff interim results of investigative sampling and analyses of stormwater related to certain components or portions of Defendant's operations area. Defendant shall, within sixty (60) days of entry of this Consent Decree by the Court, have its stormwater consultant complete a final sampling and analysis plan ("the Plan") to identify the proposed corrective action, including, but may not be limited to, the interim actions described in 7.c., 7.d. and 7.e. above, recommended by the consultant to address the concerns identified within the sample results as reported to Plaintiff above. Defendant shall ensure that the interim recommended action and results obtained from this Plan are used to help comply with the subject NPDES permit, as described in 7.g. below. Defendant shall provide Plaintiff and the Department of Ecology with a copy of this Plan within thirty (30) days of its completion.

g. Upon completion of the interim corrective action described above and subsequent sampling to determine compliance, Defendant shall retain its qualified stormwater consultant to prepare a report addressing all stormwater discharges from Defendant's Facility to

No. 2:14-CV-00841-RSL
CONSENT DECREE - 5

the separate stormwater system that discharges to the City of Kent's stormwater collection and transport system and in turn discharges to the Green River (the "Report"). If Defendant's stormwater sampling pursuant to its NPDES permit after the corrective action is completed shows no benchmark exceedences, then no further action needs to be taken at that time. To the extent warranted by the results of the sampling in accord with the Plan, and to the extent that there are any benchmark exceedences of copper or zinc at the Facility or for which, by contract with its Lessor, Defendant is responsible, the Report shall describe potential stormwater management practices that may be implemented at the Facility and that will, in the professional judgment of Defendant's stormwater consultant, be sufficient to further reduce the concentrations or measured levels of copper and zinc concentrations in the stormwater discharges from the Facility to at or below the benchmarks established in the NPDES permit. The Report shall include a schedule that requires all such additional stormwater control measures, if any, to be implemented as soon as practicable and no later than two hundred and seventy (270) days from the entry of the Consent Decree by the Court unless this compliance time is extended by mutual written agreement of the parties, and Defendant shall comply with this schedule. Defendant shall provide Plaintiff with written notice of the completion of all additional measures described in the Report as soon as practicable.

      h      The following timelines and process for collaboration and dispute resolution will govern the Report:

           1      Defendant shall complete the Report and provide Plaintiff with a copy within sixty (60) days of delivery to Plaintiff of the Plan and sampling results described in 7.f.;

CONSENT DECREE - 6
No. 2:14-CV-00841-RSL

2. Plaintiff shall thereafter have thirty (30) days to provide written objections, comments and/or proposed revisions to the Report. Defendant shall provide funding in the amount of two thousand and five hundred dollars ($2,500) for Plaintiff's consultant to conduct this review and provide such feedback;

3. Defendant shall have fourteen (14) days to respond in writing to Plaintiff's objections, comments and/or proposed revisions;

4. Should Defendant not accept Plaintiff's comments, objections and/or proposed revisions in principle, Defendant will send the document, along with Plaintiff's comments, objections and/or proposed revisions to the Department of Ecology along with a citation to this Consent Decree and a joint request from Defendant and Plaintiff that the Department of Ecology review and approve Defendant's submittal and determine what changes are necessary, if any, in light of Plaintiff's comments, objections and/or proposed revisions;

i. If Defendant fails to meet NPDES permit benchmarks after fully implementing such additional stormwater control measures as recommended in the Report, Defendant shall retain a qualified consultant to further evaluate the potential sources of the contamination and measures to eliminate the pollutant from the stormwater discharges, which shall be provided to Plaintiff as soon as practicable. Defendant shall implement such best management practices or other measures as may be recommended by the consultant.

8 Within thirty (30) days of entry of this Consent Decree by the Court, Defendant shall make a payment in the amount of Forty Five Thousand Dollars ($45,000) to Green River Community College Foundation for environmental benefit projects in the Green River watershed, as described in Attachment A to this Consent Decree. Such payment shall be made by check payable to Green River Community College Foundation and delivered to George

CONSENT DECREE - 7
No. 2:14-CV-00841-RSL

Frasier, 12401 SE 320th St., Auburn, Washington 98092-3622. Payment will include the following reference in a cover letter or on the check: "Consent Decree, Waste Action Project v. Cenveo Corporation., Clean Water Act Settlement." Defendant agrees to provide a copy of the check and cover letter, if any, to Plaintiff.

9. Subject to reasonable documentation thereof, within thirty (30) days of entry of this Consent Decree by the Court, Defendant shall pay Plaintiffs reasonable attorney fees and costs in the amount of thirty-two thousand and five hundred dollars ($32,500), of which two thousand and five hundred dollars ($2,500) is for full and complete satisfaction of payment pursuant to paragraph 7.h.2. of this Consent Decree, by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, Attn: Marc Zemel, in full and complete satisfaction of any claims Plaintiff may have under the Clean Water Act, including claims asserted in the Amended Complaint, for fees and costs.

10. The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree pursuant to paragraph 12. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties by serving written notice of dispute and request for resolution to the parties and their counsel of record. If no resolution is reached within ninety (90) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the Court.

11. The parties recognize that no consent judgment can be entered in a Clean Water

CONSENT DECREE 8
No. 2:14-CV-00841-RSL

Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the United States Attorney General and the Administrator of the United States Environmental Protection Agency pursuant to 33 U.S.C. § 1365(c)(3). Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administrator of the United States Environmental Protection Agency and the United States Attorney General.

12. This Consent Decree shall take effect on the date it is entered by the Court. This Consent Decree shall terminate ninety (90) days following completion of all obligations under it.

13. This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

14. If for any reason the Court should decline to approve this Consent Decree in the form presented, the parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

15. Notifications or copies required by this Consent Decree to be made to Plaintiff shall be mailed to:

Waste Action Project
Attn: Greg Wingard
PO Box 4832
Seattle 98194-0832
E-mail: gwingard@earthlink.net

Notifications required by this Consent Decree to be made to Defendant shall be mailed to:

Cenveo Corporation
Attn: Legal Department
200 First Stamford Place, 2nd Floor
Stamford, CT 06902

CONSENT DECREE - 9
No. 2:14-CV-00841-RSL

With a copy to:

Steve N. Siegel, Esq.
Dinsmore & Shohl LLP
255 East 5th Street, Suite 1900
Cincinnati, OH 45202
E-mail: steve.siegelAdinsmore.com
Fax: (513) 977-8141

Dated and entered this 3d day of Sept., 2015.

*[signature]*
UNITED STATES DISTRICT JUDGE

CONSENT DECREE - 10
No. 2:14-CV-00841-RSL

WASTE ACTION PROJECT

Signature: */s/ Greg Wingard/*

Title: Executive Director

Dated: June 30, 2015

CENVEO CORPORATION

Signature: *[signature]*

Title: Vice President - EHS

Dated: 6-25-15

CONSENT DECREE - 11
No. 2:14-CV-00841-RSL



## Green River
### COLLEGE FOUNDATION

12401 SE 320th St. Auburn, WA 98092

May 27, 2015

Re: Waste Action Project Vs. CENVEO Corporation

To Whom It May Concern:

Green River College Foundation is an institutionally related Foundation and is a stand-alone 501 C 3 nonprofit, EIN 51-0168649. Within the mission of the Foundation, providing resources to assist Green River College in achieving educational excellence, are the four strategic priorities: to increase access and retention, support student success, and provide capacity and flexibility for the college to fulfill its mission. The Green River College Natural Resources Program is a career and technical program of Green River, and Natural Resources Students are engaged in a variety of experiential learning projects that have value to the natural resources and ecological welfare in our community.

We have reviewed the draft consent decree that provides payment to the Green River College Foundation. The funding provided will be used to pay for projects focused on improved water quality in the Green River watershed. Work may include invasive plant control, native planting, and other stewardship activities conducted by or through the Green River College Natural Resources Department. This work will be carried out in partnership with existing conservation organizations, and local governments engaged in water quality related conservation projects in the middle Green River, and its tributaries.

The $45,000 received as part of this agreement will be used for this project and materials. No money will be spent on political lobbying activities. This project will benefit water quality through discrete conservation projects, building on similar projects students are already engaged in, and planning in the watershed. Partnering with area conservation organizations and local governments will assure project success, and maximize the opportunity to further leverage resources to increase benefits to water quality specifically and the environment in general.

Green River Community College Foundation will report back to the parties, including the Court, Department of Justice, Quality Carriers and Waste Action Project, upon completion of the described project.

Please do not hesitate to contact us with questions or for additional information.

Sincerely,

*George Frasier*

George P. Frasier,
Executive Director
Green River College Foundation